UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-14055-ROSENBERG/MAYNARD
CASE NO. 18-14017-ROSENBERG/MAYNARD

**UNITED STATES OF AMERICA,**

 Plaintiff,

v.

**JUSTIN LORENZO RIVERA,**

 Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
ADMISSION TO VIOLATION NUMBERS 1 AND 2**

 **THIS CAUSE** having come before the Court on the pending Petition for Warrant for Offender Under Supervision ("Petition") (DE 60 as to 16cr14055), (DE 23 as to 18cr14017) and this Court having convened a hearing, now recommends to the District Court as follows:

 1. The Defendant appeared before this Court on December 11, 2020 for a hearing on the Petition. The hearing was convened via videoconference on the Zoom platform. At the hearing's outset, the Court advised the Defendant of his right to have the proceeding in person. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference. Defendant signed a written Consent to Appear by Videoconference Form that will be filed in the record in this case. (DE 68 as to 16cr14055), (DE 31 as to 18cr14017). The Court reviewed the consent form with the Defendant, confirmed his signature and confirmed his desire to waive his right to appear in person for hearings involving probation and supervised release revocation proceedings under Rule 32.1 of the Federal Rules of Criminal Procedure. Having discussed the

matter with the Defendant, the Court finds that his waiver of in person appearance and consent to proceed through videoconference is knowing and voluntary. The Court also finds, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that this hearing cannot be further delayed without serious harm to the interests of justice.

2. After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violation Numbers 1 and 2 as set forth in the Petition.

3. Defendant admitted the following violations:

**Violation Number 1**	**Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On September 1, 8, 22, and 29, 2020, the defendant submitted urine specimens which tested positive for the presence of marijuana in [Probation's] local laboratory; and subsequently were confirmed positive by Alere Toxicology Services, Inc.

**Violation Number 2**	**Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On October 7 and 14, 2020, the defendant submitted urine specimens which tested positive for the presence of marijuana in [Probation's] local laboratory; and subsequently were confirmed positive by Alere Toxicology Services, Inc.

4. The Court questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing on Violation Numbers 1 and 2. The Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions are accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

on September 1, 8, 22, and 29 and October 7 and 14, 2020. The Defendant agreed that the Government's proffer is true and accurately sets forth the facts in his case as he understands them to be. This Court finds that the facts proffered by the Government establish a sufficient basis to support Defendant's admissions to Violation Numbers 1 and 2.

6. The possible maximum penalties faced by the Defendant were read into the record by the Government, and the Defendant stated that he understood those penalties.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, this Court recommends to the District Court that the Defendant be found to have violated the terms and conditions of his supervised release in respect to Violation Numbers 1 and 2, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Robin L. Rosenberg, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this <u>14th</u> day of December, 2020.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE